IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRACY D. CRISCO, | § | |
| | § | No. 365, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0607002649 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2014
Decided: January 20, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 20th day of January 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Tracy D. Crisco, filed this appeal from the Superior Court's summary dismissal of his motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). We conclude there is no merit to the appeal and affirm the Superior Court's judgment.

(2) The record reflects that, in April 2007, a jury convicted Crisco of Receiving Stolen Property and Theft by False Pretenses. In June 2007, the Superior Court sentenced Crisco to two years at Level V suspended for

probation. The court also ordered Crisco to pay a total of $6,387.00 in restitution and court costs. This Court affirmed the Superior Court judgment on direct appeal in 2008.[1]

(3) On March 25, 2014, Crisco filed a motion for postconviction relief under Rule 61. By order dated June 3, 2014, the Superior Court summarily dismissed Crisco's postconviction motion under Rule 61(a)(1). The court ruled:

> Defendant has been discharged from probation and a civil judgment has been entered. He is therefore no longer "in custody or subject to future custody" in a manner contemplated by Rule 61 and is not entitled to seek postconviction relief. The Court need not reach the merits of Defendant's motion.[2]

(4) On appeal from the Superior Court's dismissal order, Crisco again asserts the merits of his claims for postconviction relief. Crisco also claims that the Superior Court erred by summarily dismissing his postconviction motion.

(5) By its terms, Rule 61 "governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction."[3] Once a defendant is not in custody or subject

---

[1] *Crisco v. State*, 2008 WL 763286 (Del. Mar. 24, 2008).

[2] *State v. Crisco*, 2014 WL 2538559, at*1 ¶ 4 (Del. Super. June 3, 2014).

[3] Del. Super. Ct. Crim. R. 61(a)(1).

to future custody for an underlying conviction, the defendant loses standing to seek postconviction relief under Rule 61.[4] In this case, Crisco was discharged from probation on May 13, 2014.[5] Once Crisco was discharged from probation, he no longer had standing to pursue postconviction relief under Rule 61, as he was no longer in custody or subject to future custody.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) (quoting Del. Super. Ct. Crim. R. 61(a)(1)). The Court notes that, in a rule amendment effective June 4, 2014, "or subject to future custody" was deleted from Rule 61(a)(1).

[5] Docket at 71, *State v. Crisco*, Del. Super., Cr. ID No. 0607002649 (May 13, 2014).

[6] *Ruiz v. State*, 2008 WL 1961187, at *2 n.7 (Del. May 7, 2008) (citing cases).